MURDOCK, Justice
(concurring specially).
As to the issue of the Lodge’s capacity to sue, the primary focus of Henry Pen-ick’s argument is whether the Lodge is an Alabama corporation, as opposed to a foreign corporation. The reasoning aptly employed in response by the main opinion is applicable, according to the main opinion, “[rjegardless of whether the Lodge is a corporation, an unincorporated association, or some other kind of entity,” 46 So.3d at 425. Penick’s brief contains no meaningful challenge (and no citation of authority in opposition) to the proposition that the Lodge is a legal entity of some sort (i.e., that it has a legal existence) that has the capacity to sue and to hold title to the real property that is the object of its action.
I also note that the main opinion concludes its discussion of the issue of the legal existence of the Lodge and its capacity to sue as follows: “In accordance with Rule 9(a), [Ala. R. Civ. P.,] the burden was on Penick, not the Lodge, to assert the capacity-to-sue issue. Penick has provided no evidence and no legal authority to establish that the Lodge lacks capacity to sue.” 46 So.3d at 427. I agree that Rule 9(a), Ala. R. Civ. P., places the burden, as to pleading, on Penick. I do not read the main opinion as deciding whether, after a defendant makes the specific averment required by Rule 9(a) and supplies “such supporting particulars as are peculiarly within [its] knowledge,” it has the burden *434 of proving a negative regarding the opposing party, i.e., that the opposing party is not a legal entity. It is enough for purposes of deciding the present appeal that in his brief to this Court, Penick, as the appellant, makes no meaningful argument (and cites no legal authority) for the proposition that the Lodge is not a legal entity of some sort with capacity to sue.